UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEVIN LUM,

    Plaintiff,

v.

CARLOS G. BOLANOS, et al.,

    Defendants.

Case No. 22-cv-00774-JSW

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, an inmate at the San Mateo County Jail, is proceeding pro se and has filed a civil rights complaint under 42 U.S.C. § 1983. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the case is DISMISSED without prejudice for failure to exhaust his administrative remedies.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although

in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

Plaintiff has indicated in his Complaint that he has not exhausted his administrative remedies. (ECF No. 1 at 2.) "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to exhaust under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (PLRA), is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007). If a plaintiff makes it clear on the face of the complaint that they have not exhausted, however, the complaint may be dismissed for failure to state a cognizable claim for relief. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). As plaintiff makes it clear on the face of his Complaint that he has not exhausted his claims, the case must be dismissed.

Plaintiff states that the reason he has not exhausted is "irreparable harm and danger." (ECF No. 1 at 2.) Exhaustion is mandatory and not left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). Courts may not create their own "special circumstances" exceptions to the exhaustion requirement. *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (reversing Fourth Circuit's ruling that failure to exhaust was justified where prisoner reasonably—even though mistakenly—believed he had exhausted remedies). There is no authority for the proposition that "irreparable harm and

danger" excuses the exhaustion requirement.  Indeed, an inmate's concerns about the safety of his institution may be addressed more rapidly via an administrative appeal to the institution's officials than via a lawsuit in federal court.  Regardless, this Court does not have the authority to create an exception to the exhaustion requirement based on Plaintiff's reasons for not exhausting.

## CONCLUSION

For the foregoing reasons, the case is DISMISSED for failure to exhaust administrative remedies.  The dismissal is without prejudice to Plaintiff filing his claims in a new action after he has satisfied the exhaustion requirement.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February 28, 2022

_____
JEFFREY S. WHITE
United States District Judge

3